UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN M. MEAD,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

Case No. 2:20-cv-11784

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
OVERRULING OBJECTIONS [16], ADOPTING
REPORT AND RECOMMENDATION [15], DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [11], AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13]**

The Commissioner of the Social Security Administration ("SSA") denied the application of Plaintiff Brian M. Mead for Disability Insurance Benefits in a decision issued by an Administrative Law Judge ("ALJ"). ECF 9, PgID 48–58. After the SSA Appeals Council declined to review the ruling, Plaintiff appealed. ECF 1. The Court referred the matter to Magistrate Judge Anthony P. Patti and the parties cross-moved for summary judgment. ECF 3; 11; 13. The magistrate judge issued a Report and Recommendation ("Report") and suggested that the Court deny Plaintiff's motion and grant the Commissioner's motion. ECF 15. Plaintiff timely objected to the Report. ECF 16. After examining the record and considering Plaintiff's objections de novo, the Court concludes that his arguments do not have merit. Accordingly, the Court

will adopt the Report's findings, deny Plaintiff's motion for summary judgment, grant the Commissioner's motion for summary judgment, and dismiss the complaint.

## BACKGROUND

The Report properly details the events giving rise to Plaintiff's action against the Commissioner. ECF 15 PgID 592–95. The Court will therefore adopt that portion of the Report.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends on whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable

mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.*

## DISCUSSION

Plaintiff listed seven objections to the Report. The Court will address each objection in turn.

Plaintiff first reaffirmed the arguments made in the summary judgment motion and in response to the Commissioner's summary judgment motion. ECF 16, PgID 610. The Court will deny the first objection as too broad and a rehash of his arguments before the magistrate judge. "[O]verly general objections do not satisfy an objecting party's obligation to specify the particular findings that are claimed to be in error and the discrete issues that the party wishes to raise." *Noto v. Comm'r of Soc. Sec.*, No. 13-12277, 2015 WL 630785, at *2 (E.D. Mich. Feb. 12, 2015) (alterations in original) (quotation marks and citation omitted).

Second, Plaintiff challenged the Report's characterization that the medical record is "relatively short." ECF 16, PgID 610–11 (quoting ECF 15, PgID 594). The Court will deny the second objection because it is unrelated to the "heart of the parties' dispute," and merely criticizes the Report's word choice. *Arn*, 474 U.S. at 147.

3

Third, Plaintiff argued that the Report misstated his argument by saying that "the ALJ erred by concluding the pain was managed with narcotics." ECF 16, PgID 611 (quoting ECF 15, PgID 597). Plaintiff claimed that his pain is managed "*only* by narcotics." *Id.* (emphasis in original). The objection is unfounded because the magistrate judge detailed Plaintiff's exact argument later in the Report. ECF 15, PgID 601–03.

Plaintiff's fourth and fifth objections appeared to assert that the Report glossed over certain facts when it reviewed the record as a whole and that deeper analysis would have reversed the ALJ's residual functional capacity ("RFC") finding. ECF 16, PgID 611–13. Put differently, Plaintiff's objection was "challenging both the RFC determination and more precisely the manner in which it was reached." *Id.* at 611. Because Plaintiff already raised the same arguments before Magistrate Judge Patti, ECF 11, PgID 564, and Judge Patti considered them, ECF 15, PgID 598 n.3, the Court will deny the objections. The Court is "not obligated" to address objections duplicative of previous arguments because such objections "fail to identify the *specific* errors in the [Report]" and do not "conserve judicial resources." *Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (emphasis in original) (internal quotation and citation omitted). Because Plaintiff merely rehashed arguments already presented to the magistrate judge, the Court need not analyze the objections.

The sixth objection claimed that the Report improperly categorized "[g]rogginess, drowsiness, lack of full consciousness" as "side[] effects of taking the

4

medication" rather than "primary" effects of the medication. ECF 16, PgID 614 (emphasis omitted). But the distinction—if any—is irrelevant. *See Side effect, Black's Law Dictionary* (11th ed. 2019) ("[A]dverse consequence of an action, decision, drug."). If Plaintiff's objection is about whether the Report accurately explained the effects from taking the narcotic medication, the Court will deny it. Plaintiff already raised the same argument at summary judgment. ECF 11, PgID 561; ECF 14, PgID 588–89; *see Funderburg*, 2016 WL 1104466, at *1; *see also Hofer v. Comm'r of Soc. Sec.*, No. 17-12526, 2018 WL 4568805, at *1 (E.D. Mich. Sept. 24, 2018).

Last, Plaintiff objected that the Report improperly rejected his argument that Dr. Prasad explained Plaintiff could only lift fifteen pounds. ECF 16, PgID 614–15. But the only clear evidence that showed Plaintiff could not carry fifteen pounds was his own statement about what his physician told him. ECF 9, PgID 466 ("[Plaintiff] said he was told by his physician not to carry more than 15–20 pounds in weight."). Besides that, the fifteen-pound limitation never showed up in Dr. Prasad's assessment. *See id.* at 465-68. And the only other evidence Plaintiff identified was a scribbled, unintelligible note from Dr. Prasad that Plaintiff conceded is "less than crystal clear." ECF 16, PgID 615; *see* ECF 9, PgID 470. In the end, the only intelligible evidence of Plaintiff's fifteen-pound limitation is his own statement. ECF 9, PgID 466. "[C]redibility determinations regarding subjective complaints rest with the ALJ, [and] those determinations must be reasonable and supported by substantial evidence." *Rogers*, 486 F.3d at 249. Nothing in the record suggested that the ALJ's

finding was unreasonable and unsupported by substantial evidence. ECF 15, PgID 606. The Court will therefore deny the final objection.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Plaintiff's objections. The Court finds Plaintiff's objections unconvincing and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Plaintiff's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Objections [16] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation [15] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [11] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment [13] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

This is a final order that closes the case.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 10, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 10, 2021, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager
